IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:06-cv-446-MEF |
| | ) |
| WAFFLE HOUSE, INC., *et al.*, | ) (WO-Not Recommended for Publication) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On April 14, 2006, the plaintiff filed the civil complaint in the Circuit Court of Barbour County, Alabama, seeking an unspecified amount of compensatory and punitive damages. (Doc. # 1, Compl.). On of the defendants, Waffle House, Inc.("Waffle House"), removed the action to this court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).[1] (Doc. # 1). This cause is now before the court on the Plaintiff's Petition to Remand Case to State Court (Doc. # 4).

On July 6, 2006, the plaintiff filed Plaintiff's Petition to Remand Case to State Court supported by an affidavit from plaintiff's counsel stating that "no more than $75,000 in damages will be sought." (Doc. # 4 at p. 3. After Waffle House filed its opposition to the motion to remand arguing, *inter alia*, that the affidavit from plaintiff's counsel failed to constitute a proper basis for remand, the plaintiff himself submitted an affidavit declaring

---

[1] While the plaintiff did allege that one of the defendants, James Hill, was, like plaintiff, a resident of Barbour County, Alabama, it now appears undisputed that Hill is a resident of Columbus, Georgia. Accordingly, it is undisputed that plaintiff is a citizen of Alabama and all defendants are citizens of states other than Alabama for purposes of diversity jurisdiction.

that "the amount in controversy does not exceed $74,999.00, including compensatory and punitive damages" and that "under no circumstances [would he] seek nor accept more than $74,999.00, exclusive of interest and costs, even if the verdict exceeds that amount." (Doc. # 8-2). On August 1, 2006, Waffle House filed a response in opposition to plaintiff's petition arguing that the plaintiff's affidavits cannot divest this court of jurisdiction by post-removal efforts to modify the amount in controversy. (Doc. # 9). Hence, Waffle House seeks denial of the Plaintiff's Petition to Remand Case to State Court.

It is clearly established in this circuit that the district court may "consider post-removal evidence" in determining the propriety of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). However, "'the jurisdictional facts that support removal must be judged ***at the time of the removal***, and any post petition affidavits are allowable ***only if relevant to that period of time***.'" *Id.* (quoting *Allen v R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis added)). Under *Sierminski*, the affidavits filed by the plaintiff in the instant case may be considered in determining jurisdiction to the extent that it clarifies the Complaint by identifying that the amount in controversy was not in excess of $75,000 *at the time the case was removed and* will not be in excess of $75,000 in the future. *See Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1303-1304 (M.D. Ala. 1999) (because plaintiff had "submitted a binding Stipulation in which she promised to neither seek nor accept damages in excess of $75,000," the defendants failed to prove by a preponderance of the evidence that damages would exceed $75,000.). Here, the affidavits fail to make such

2

clarification. Specifically, the affidavits do not establish that, at the time the complaint was filed, plaintiff did not seek more than the jurisdictional amount *and* that plaintiff will not accept a jury award for more than the jurisdictional amount. As a result, because the plaintiff has not established that the amount in controversy sought in the complaint is $74,999 (exclusive of interest and costs) and, as the defendant correctly asserted, a plaintiff cannot reduce his claim after removal to defeat federal court jurisdiction,[2] the court finds that plaintiff's affidavits[3] are insufficient to warrant remand.

Upon consideration of Plaintiff's Petition to Remand Case to State Court, plaintiff's affidavit and the Waffle House's response, it is hereby ORDERED as follows:

1. The Plaintiff's Petition to Remand Case to State Court (Doc. # 4) is DENIED with leave to re-file.

2. If the plaintiff wishes to file another motion to remand accompanied by an affidavit that satisfy the requirements under *Sierminski* and *Moss*, he shall do so on or before August 11, 2006. Any response to said motion shall be filed within five days of the filing of the motion, if any.

DONE this the 2nd day of August, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294-294 (1938).

[3] The court agrees that only the affidavit from the plaintiff is relevant to this inquiry. The affidavit of plaintiff's counsel does not alone suffice.

3