IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-446-MEF |
| ) | |
| WAFFLE HOUSE, INC., *et al.*, ) | (WO-Not Recommended for Publication) |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On April 14, 2006, the plaintiff Michael Thornton ("Thornton") filed the a complaint in the Circuit Court of Barbour County, Alabama, seeking an unspecified amount of compensatory and punitive damages for various claims arising under Alabama law. (Doc. # 1, Compl.). One of the defendants, Waffle House, Inc.("Waffle House"), removed the action to this court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).[1] This cause is now before the Court on Plaintiff's Renewed Petition to Remand Case to State Court (Doc. # 12).[2] For the reasons set forth below, the Court finds that the petition is due to be GRANTED.

---

[1] While the plaintiff did allege that one of the defendants, James Hill, was, like plaintiff, a resident of Barbour County, Alabama, it now appears undisputed that Hill is a resident of Columbus, Georgia. Accordingly, it is undisputed that plaintiff is a citizen of Alabama and all defendants are citizens of states other than Alabama for purposes of diversity jurisdiction.

[2] On August 2, 2006, this court denied Plaintiff's Petition to Remand Case to State Court because it was not properly supported, but granted the plaintiff leave to file another motion seeking remand at a later date. On August 9, 2006, the plaintiff filed Plaintiff's Renewed Petition to Remand Case to State Court (Doc. # 12).

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75,000*, is met. *Id.*

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

The Eleventh Circuit Court of Appeals has held that where a complaint specifically claims damages less than the requisite jurisdictional amount for diversity jurisdiction, a

defendant must prove to a "legal certainty" that plaintiff's claims would not yield a recovery less than the jurisdictional amount to keep a removed case in federal court. *See, e.g., Burns,* 31 F.3d at 1095. However, when the complaint contains an unspecified demand for damages, a removing defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356-57 (11th Cir. 1996); *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301 (M.D. Ala. 1999). "In cases where plaintiff has made such an unspecified damages demand, 'a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer.'" *Moss,* 43 F. Supp. 2d at 1301 (citing *Tapscott,* 77 F.3d at 1356-57).

In this case, Thornton's Complaint sets forth an unspecified demand for punitive and compensatory damages. (Doc. # 1). However, in support of Plaintiff's Renewed Petition to Remand Case to State Court (Doc. # 12), Thornton submitted an Affidavit, wherein he clarified: that at the time he filed the Complaint the amount in controversy was not in excess of $74,999; that the amount in controversy did not exceed that sum at the time the case was removed to federal court; that his injuries and damages do not justify and did not justify a jury award or settlement in excess of that amount; that he does not currently seek more than that sum; and that he would not accept a jury verdict in excess of $74,999. (Doc. # 12-2 & 12-3 at ¶¶ 3-4).

In assessing whether it has subject matter jurisdiction, this Court must determine

whether subject matter jurisdiction existed at the time of the removal. *See, e.g., Poore v. American-Amicable Life Ins. Co. of Tex.,* 218 F.3d 1287, 1290-91 (11th Cir. 2000); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (jurisdictional facts that support removal must be judged at the time of the removal, and any post petition affidavits are allowable only if relevant to that period of time); *Moss,* 43 F. Supp. 2d at 1303. It is clearly established in this circuit that the district court may "consider post-removal evidence" in determining the propriety of removal. *Sierminski*, 216 F.3d at 949. Under *Sierminski*, a plaintiff's affidavit may be considered in determining jurisdiction to the extent that it clarifies the complaint by identifying that the amount in controversy was not in excess of $75,000.00 at the time the case was removed and will not be in excess of $75,000.00 in the future. *See Moss*, 43 F. Supp. 2d at 1303-1304 (because plaintiff had "submitted a binding Stipulation in which she promised to neither seek nor accept damages in excess of $75,000," the defendants failed to prove by a preponderance of the evidence that damages would exceed $75,000.).

Here, the Affidavit Thornton submitted in support of Plaintiff's Renewed Petition to Remand Case to State Court makes such a clarification. Specifically, the Affidavit establishes that, at the time the Complaint was filed and at the time of removal, Thornton did not seek more than the jurisdictional amount and that Thornton will not accept a jury award for more than the jurisdictional amount. As a result, Thornton's Affidavit establishes that the amount he seeks in damages is less than the jurisdictional amount. *See also Brooks v.*

*Pre-Paid Legal Servs., Inc.,* 153 F. Supp. 2d 1299, 1300-01 (M.D. Ala. 2001) (case remanded to state court because the amount in controversy requirement was not met where plaintiff filed a post-removal affidavit establishing that the damages sought were below the jurisdictional amount); *Hill v. MONY Life Ins. Co.*, 75 F. Supp. 2d 1328, 1330 (M.D. Ala. 1999).

In response, Waffle House argues that Thornton's Affidavit is not credible because he missed earlier opportunities to clarify the amount in controversy. The Court does not agree. Further, Waffle House argues that Thornton's Affidavit is merely an improper attempt to divest this Court of subject matter jurisdiction by reducing the amount in controversy after removal. The Court agrees with Waffle House that a plaintiff cannot reduce his claim after removal to defeat federal court jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938). Nevertheless, the Court does not find that Thornton has done so in this case. Thornton's Affidavit establish that at the time the Complaint was filed, he did not seek more than the jurisdictional amount. Moreover, Thornton's Affidavit clarifies the Complaint by identifying the true amount in controversy both at the time it was filed and at the time of removal, and has satisfied this court that this amount will never exceed the jurisdictional minimum. Hence, the evidence indicates that Thornton has not reduced his claims; rather, he has merely clarified his claims. This Court notes that it has routinely considered and given effect to such post-removal affidavits or binding stipulations, and hence it will do so in this case.

In so finding, the Court emphasizes that, while it does not call into question the integrity or statements made herein by counsel or the binding stipulation made by Thornton in his Affidavit, should Thornton disregard his stipulation and pursue or accept damages in excess of $75,000, then upon application to the Court by opposing counsel, an investigation into the representations of Thornton and his counsel to this Court will be swift in coming. Further, the Court forewarns Thornton and his counsel that sanctions, should they be deemed appropriate, will be painful upon arrival.

## CONCLUSION

Upon consideration of Plaintiff's Renewed Petition to Remand Case to State Court (Doc. # 12), and Waffle House's response to that motion, it is hereby ORDERED as follows:

1. Plaintiff's Renewed Petition to Remand Case to State Court (Doc. # 12) is GRANTED.

2. This cause is hereby REMANDED to the Circuit Court of Barbour County, Alabama.

3. The Clerk of the Court is DIRECTED to take all steps necessary to effect this remand.

DONE this the 13th day of September, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE